CARRIKER v. GEBHARDT (GEBHARDT, *Intervener*).

No. 5784. Opinion Filed June 16, 1914.

(141 Pac. 432.)

**APPEAL AND ERROR**—Dismissal—Moot Question. Cause dismissed for the reason that further consideration of said proceeding in error could render no practical relief and would be deciding abstract and hypothetical questions wholly disconnected from the granting of actual relief.

(Syllabus by the Court.)

*Error from County Court, Harper County;*
*A. H. Walker, Judge.*

Action by Charles F. Carriker against Alfred Gebhardt. Paul Gebhardt intervened. Judgment for intervener, and plaintiff brings error. Dismissed.

*Smedley & Hofmeister,* for plaintiff in error.

*E. J. Dick,* for intervener.

KANE, C. J. The main action was for damages, commenced by the plaintiff in error, plaintiff below, against the defendant in error, Alfred Gebhardt, defendant below. At the time of the issuance of summons, an attachment was levied upon.

certain property which it was alleged belonged to the defendant. Paul Gebhardt intervened, claiming to be the owner of the property, and filed a motion to dissolve the attachment upon that ground. Upon trial of that issue the court below found in favor of the intervener, and it is to reverse this action that this proceeding in error was commenced. It transpired that the defendant below had departed from this state prior to the issuance of the summons aforesaid, and that the same was returned "Not found," whereupon there was an attempt to make service by publication, which also failed. Thereafter the cause was dismissed by the court below for want of prosecution, from which action no appeal was taken.

The defendant in error now moves this court to dismiss this proceeding in error upon the ground that the dismissal and final termination of the original and main action automatically discharges the attachment, and any further consideration of said appeal by the Supreme Court could render no practical relief and would be deciding an abstract and hypothetical case wholly disconnected from the granting of actual relief. We believe the motion to dismiss ought to be sustained. The attachment was collateral to the main action; and, when the main action was dismissed, the collateral branch of it was deprived of its foundation and must necessarily fall. Therefore it seems quite clear that further consideration of the proceeding in error by this court can be of no practical benefit to either party.

The motion to dismiss is therefore sustained.

All the Justices concur.